USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1593 HECTOR GUZMAN-RIVERA, Plaintiff, Appellant, v. METROPOLITAN DETENTION CENTER, GUAYNABO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominquez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Hector Guzman-Rivera on brief pro se. ____________________ Guillermo Gil, United States Attorney, and Lilliam Mendoza Toro, _____________ ____________________ Assistant United States Attorney, on brief for appellee. ____________________ November 12, 1997 ____________________ Per Curiam. After carefully reviewing the record __________ and the briefs of the parties, we affirm the judgment of the district court for essentially the reasons stated in its Opinion and Order, dated March 31, 1997. We add three comments. First, most of appellant's claims are moot because he either has received what he wanted or because he no longer is subject to the conditions about which he complained. Thus, these issues no longer are "live." See New Hampshire ___ _____________ Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, _____________________________________ _______ 17 (1st Cir. 1996). Second, the negligent loss of a prisoner's property, such as books, does not implicate the due process clause and thus is not enough to state a constitutional claim. Daniels v. Williams, 474 U.S. 327, _______ ________ 328, 332 (1986); Del Raine v. Williford, 32 F.3d 1024, 1043 _________ _________ (7th Cir. 1994) ("[t]he most that the record here discloses with reference to lost or taken books is possible negligence ________ and that is not enough for a constitutional claim"). Finally, the district court did not abuse its discretion in not appointing counsel to represent appellant. In a civil case, counsel is required only in "exceptional circumstances." DesRosiers v. Moran, 949 F.2d 15, 23 (1st __________ _____ Cir. 1991). Because this case did not involve any complex issues of law or fact, it did not present such circumstances. -2- Affirmed. See Local Rule 27.1. ________ ___ -3-